Reuben D. Nathan, Esq. (SBN 208436)
Email: *rnathan@nathanlawpractice.com*
NATHAN & ASSOCIATES, APC
600 W. Broadway, Suite 700
San Diego, California 92101
Tel:(619) 272-7014
Facsimile:(619) 330-1819

Attorneys for Plaintiff, MONICA MARTINEZ
and the Proposed Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA MARTINEZ, an individual on behalf of herself and all others similarly situated, | Case No. |
| | **CLASS ACTION COMPLAINT** |
| PLAINTIFF | |
| v. | |
| PURACY LLC; and DOES 1 through 25, inclusive. | JURY TRIAL DEMANDED |
| DEFENDANT. | |

1

**COMPLAINT**

COMES NOW PLAINTIFF, MONICA MARTINEZ, WHO HEREBY ALLEGES THE FOLLOWING:

Plaintiff, MONICA MARTINEZ ("Plaintiff") brings this action on behalf of herself and all others similarly situated against DEFENDANT, PURACY LLC.

The allegations in this Complaint, other than those with respect to Plaintiff, MONICA MARTINEZ, are stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF ACTION

1.     Plaintiff, MONICA MARTINEZ ("Plaintiff") files this class action lawsuit on behalf of herself and all similarly situated persons, who purchased "Puracy" products ("Products") branded by PURACY LLC, shall be commonly known as "DEFENDANT".

2.     Plaintiff brings this action on behalf of herself and a California and Nationwide proposed class of purchasers of DEFENDANT for violations of California Consumer Legal Remedies Act, California False Advertising Law, breach of express warranty, unjust enrichment, fraud, negligent misrepresentation, and California Unfair Competition Law.  Plaintiff and class members purchased DEFENDANT'S Products relying on such advertising, labeling, and statements: "Natural"

## PARTIES

3.     Plaintiff, MONICA MARTINEZ ("Plaintiff "), is a citizen of California, who resides in the County of Los Angeles County.

4.     Plaintiff altered her position in an amount equal to the amount she paid for DEFENDANT'S Products.

**COMPLAINT**

5.     DEFENDANT, PURACY LLC is a Texas limited company with its principal place of business at its principal place of business at 1504 Canyon Edge Drive, Austin, Texas 78733.

6.     DEFENDANT' Products contain false and misleading claims that are the subject of the instant lawsuit. DEFENDANT is the owner, manufacturer, packager, and/or a distributor of the Products, and is the company that created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Products that claim it is natural or contains natural ingredients.

7.     That the true names and capacities, whether individual, corporate, associate or otherwise of each of the DEFENDANT designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sue said DEFENDANT by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the DEFENDANT designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to these Plaintiffs as alleged herein.  On information and belief, Plaintiff alleges that at all times herein mentioned, each of the DEFENDANT was acting as the agent, servant or employee of the other DEFENDANT and that during the times and places of the incident in question, DEFENDANT and each of their agents, servants, and employees became liable to Plaintiff and class members for the reasons described in the complaint herein, and thereby proximately caused Plaintiff to sustain damages as set forth herein.   On information and belief, Plaintiff alleges that DEFENDANT carried out a joint scheme with a common business plan and policies in all respects pertinent hereto and that all acts and omissions herein complained of were performed in knowing cooperation with each other.

**COMPLAINT**

8.     On information and belief, Plaintiff alleges that the shareholders, executive officers, managers, and supervisors of the DEFENDANT directed, authorized, ratified and/or participated in the actions, omissions and other conduct that gives rise to the claims asserted herein. DEFENDANT'S officers, directors, and high-level employees caused DEFENDANT'S Products to be sold with knowledge or reckless disregard that the statements and representations concerning DEFENDANT Products were false and misleading.

9.     Plaintiff is informed and believes, and thereon alleges, that each of said DEFENDANT is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction according to 28 U.S.C. § 1332(d), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs and most members of the proposed class are citizens of states different from DEFENDANT.  This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

11.     Pursuant to 28 U.S.C. §1391(a), venue is proper.  Plaintiff is a citizen of Los Angeles County, California.  This Court has personal jurisdiction over DEFENDANT because DEFENDANT conduct business in California and otherwise intentionally avail themselves of the markets in California to render the exercise of jurisdiction by this Court proper. DEFENDANT has marketed, promoted, distributed, and sold the products in California and in this District where Plaintiff purchased DEFENDANT'S Products.

## FACTUAL BACKGROUND

12.     Plaintiff, MONICA MARTINEZ has purchased each of the Products (as

**COMPLAINT**

herein defined below) from 2015 to 2018 in Los Angeles County from various retail stores and online.

13.    DEFENDANT promotes the brand "Puracy" which is brand of skin care, cosmetic, and in-home care product line sold in retail stores throughout the United States. DEFENDANT manufactures several products that are promoted as "natural", but contain synthetic and/or artificial ingredients.  DEFENDANT falsely promotes, advertises, and markets various skin, cosmetic, and in-home care products as "natural" – leading consumer to believe that the products contain no synthetic or artificial ingredients. Instead, the Products contain such synthetics and/or artificial ingredients such as Ehtylhexylglycerin, Caprylyl Glycol, Propanediol, Benzisothiazolinone, Cocamidopropyl Hydroxysultaine, Sodium Lauroamphoacetate, Sodium Cocoyl Isethionate, Sodium Methyl Cocoyl Laurate, and other synthetic and/or artificial ingredients.  In or about April 2016, the Federal Trade Commission ("FTC") filed complaints against manufacturers for representing that their products were "natural" when they contained synthetic and/or artificial ingredients.  Four companies agreed to cease marketing the products in question as being "natural."[1]

14.    DEFENDANT manufactures, produces, and markets various skin, cosmetic, and in-home care Products that are sold throughout the United States as "natural" when the Products are not. Plaintiff claims that the Products that are the subject of this action are DEFENDANT' Products, which are synthetic and/or artificial.

15.    Examples of the line of Products that are the subject of this lawsuit with a corresponding list of unnatural (synthetic and/or artificial) ingredients include:

---

[1]  https://www.ftc.gov/news-events/press-re their-personal-care leases/2016/04/four-companies-agree-stop-falselypromotingtheir-personal-care

**COMPLAINT**

**a) List of Products:**

- Natural Body Wash
- Natural Shampoo
- Natural Hair Conditioner
- Natural Hand Soap
- Natural Dish Soap
- Natural Baby Shampoo & Body Wash
- Natural Stain Remover
- Natural Conditioner
- Natural Liquid Hand Soap Refill
- Natural Carpet & Upholstery Shampoo
- Natural Laundry Detergent
- Natural Multicleaner
- Natural Liquid Hand Soap

(hereinafter referred to as the "Products")

**b) Synthetic/Artificial Ingredients, include, but are not limited to:**

**a)** Ehtylhexylglycerin;

**b)** Caprylyl Glycol;

**c)** Propanediol, Benzisothiazolinone;

**d)** Cocamidopropyl Hydroxysultaine;

**e)** Sodium Lauroamphoacetate;

**f)** Sodium Cocoyl Isethionate; and

**g)** Sodium Methyl Cocoyl Laurate

**COMPLAINT**

16.     DEFENDANT prominently displays "Natural" on the face of its Products. DEFENDANT enhances its statement by prominently displaying leaves that promotes that it is natural and statements that it is "natural", "naturally derived", etc. Throughout all of its advertising Plaintiff understood these representations to mean that Products did not contain synthetic and/or artificial chemicals.  Plaintiff purchased the Products at a substantial price premium, and would not have bought the product had she known that the labeling she relied on was false, misleading, deceptive and unfair. Plaintiff would purchase the Products again in the future if Defendant changed the composition of the Products so that they conformed to their "natural" labeling and marketing.

17.     The phrase "Natural" is a representation made by DEFENDANT in advertising the Products to consumers, including Plaintiff that reasonable consumers believe contain only natural ingredients.

18.     DEFENDANT knew that Plaintiff and consumers would/will pay more for a product labeled "Natural" and intended to deceive Plaintiff and putative class members by labeling the Products as purportedly natural products.  The phrases "Natural" are misleading to a reasonable consumer, because the Products actually contain artificial and synthetic ingredients. Plaintiff wants to purchase Defendants' "natural" products in the future because he believes that natural products are safer and better for his skin. Plaintiff regularly visits stores where Defendants' products have been sold.  However, she is not familiar with all ingredients that cosmetic companies may use in their products, and so he cannot be certain that Defendants' "natural" representations are true if he sees the products on the store shelves.  Moreover, the fact that Plaintiff now knows that ethylhexylglycerin and the other challenged ingredients are synthetic does not mean that he can simply look at Defendants' labeling to determine whether its natural labeling is accurate.  Companies sometimes substitute one artificial ingredient for another,

particularly when there is bad press about the ingredient.  After the harmful effects of ethylhexylglycerin were publicized, for example, some companies replaced it with other synthetic ingredients.

19.    DEFENDANT'S Products contain artificial or synthetic ingredients.  Each of the DEFENDANT'S Products each contains synthetic/artificial ingredients as set forth herein above.

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

20.    In addition to asserting class claims, Plaintiffs assert claims on behalf of class members pursuant to *California Business & Professions Code § 17200, et seq.*  The purpose of such claims is to obtain injunctive orders regarding the false labeling, deceptive marketing and consistent pattern and practice of falsely promoting DEFENDANT'S Products as natural, which requires the disgorgement of all profits and/or restoration of monies wrongfully obtained through DEFENDANT'S unfair and deceptive business practices.  This private attorneys general action is necessary and appropriate because DEFENDANT have engaged in wrongful acts described herein as part of the regular practice of their businesses.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23.

22.    The following Classes that Plaintiff seeks to represent are:

a.    All persons residing in the United States who purchased the Products for personal, family, or household use and not for resale during the class period ("Class").

b.    All persons residing in the State of California who purchased the Products for personal, family, or household use and not for resale during the class period ("Sub-Class").

8

**COMPLAINT**

23.     The Class comprises many thousands of persons throughout the United States and California, the joinder of whom is impracticable, and the disposition of their claims in a Class Action will benefit the parties and the Court. The Class is sufficiently numerous because hundreds of thousands to millions of units of the Products have been sold in the United States and State of California during the time period April 23, 2015, through the present (the "Class Period").

24.     There is a well-defined community of interest in this litigation and the class is easily ascertainable:

a.   Numerosity:  The members of the class are so numerous that any form of joinder of all members would be unfeasible and impractical.  On information and belief, Plaintiff believes the Class and Sub-Class exceed thousands of members.

b.   Typicality:  Plaintiff is qualified to and will fairly and adequately protects the interests of each member of the class with whom they have a well-defined community of interest and the claims (or defenses, if any), are typical of all members of the class.

c.   Adequacy:  Plaintiff does not have a conflict with the class and is qualified to, and will fairly and adequately protect the interests of each member of the class with whom they have a well- defined community of interest and typicality of claims, as alleged herein.  Plaintiff acknowledges that they have an obligation to the Court to make known any relationship, conflict, or differences with any member.  Plaintiffs' attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement.

9

**COMPLAINT**

d. <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

25.     There exist common questions of law and fact that predominate over questions that may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

a. Whether DEFENDANT' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

b. Whether DEFENDANT' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq*.;

c. Whether DEFENDANT made false and misleading representations in their advertising and packaging of the Products;

d. Whether DEFENDANT knew or should have known that the representations were false;

e. Whether DEFENDANT represented that the Products has characteristics, benefits, uses, or quantities which the Products does not have;

f. Whether DEFENDANT representations regarding the Products are false;

g. Whether DEFENDANT warranted the Products;

h. Whether DEFENDANT breached the express warranties it made on its Products;

i. Whether DEFENDANT committed statutory and common law fraud in selling its Products; and

j. Whether DEFENDANT' conduct in selling its Products is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

**COMPLAINT**

26.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

27.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of DEFENDANT' false representations, statements, and advertising. Indeed, Plaintiff purchased the Product based on DEFENDANT'S representations and statements contained on its labeling. Plaintiff relied on DEFENDANT' packaging and/or website and would not have purchased the Product if she had known that the Product did not have the characteristics, ingredients, uses, benefits, or quantities as represented.

28.     A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for Class members to prosecute their claims individually.

29.     The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by DEFENDANT'S conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

30.     DEFENDANT has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for DEFENDANT.

11

**COMPLAINT**

31.     Absent a class action, DEFENDANT will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and DEFENDANT will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

32.     Excluded from the class are DEFENDANT in this action, any entity in which DEFENDANT have a controlling interest, including, but not limited to officers, directors, shareholders, current employees and any and all legal representatives, heirs, successors, and assigns of DEFENDANT.

33.     Were if not for this class action, most class members would find the cost associated with litigating claims extremely prohibitive, which would result in no remedy.

34.     This class action would serve to preserve judicial resources, the respective parties' resources, and present fewer issues with the overall management of claims, while at the same time ensuring a consistent result as to each class member.

### FIRST CAUSE OF ACTION
(Injunctive Relief Only Subject to Amendment)
Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq.
By Plaintiff and Proposed California Class against DEFENDANT

35.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

36.     Plaintiff and Class are "consumers" as defined by Cal. Civ. Code § 1761(d) and the Product is a "good" as defined by Cal.Civ.Code § 1761(a).

37.     The California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), expressly prohibits "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have

12

**COMPLAINT**

or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(7), prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. And, California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), expressly prohibits "[a]dvertising goods or services with intent not to sell them as advertised".  DEFENDANT'S claims that the Products are 'natural' by making the statements "Natural", which are misleading since it contains artificial or synthetic ingredients and therefore violates Cal. Civ. Code § 1770(a)(5), (7), and (9).

38.    DEFENDANT'S ongoing deliberate manipulation of violates the following subsections of Cal. Civ. Code §1770(a) in these respects:

a.    DEFENDANT'S acts and practices constitute misrepresentations concerning characteristics, benefits or uses, which it does not have;

b.    DEFENDANT misrepresented that is of a particular standard, quality and/or grade, when they are of another;

c.    DEFENDANT'S acts and practices described herein constitute the advertisement of DEFENDANT'S Products without the intent to sell them as advertised;

d.    DEFENDANT'S acts and practices constitute representations that DEFENDANT Products have been supplied in accordance with previous representations when it has not.

39.    Plaintiff and the proposed Sub-Class of California class members suffered injuries caused by DEFENDANT because they would not have purchased DEFENDANT'S Products if the true facts were known concerning its false and misleading regarding its "natural" claims, statements and representations.

**COMPLAINT**

40.     On or about April 12, 2018, prior to filing this action, a notice letter was served on DEFENDANT.  Plaintiff served the letter on DEFENDANT advising DEFENDANT that it is in violation of the CLRA, demanding remedies for Plaintiff and class members pursuant to California Civil Code §1782(a).

41.     Plaintiff seeks injunctive relief only for this violation of the CLRA, but reserves it right to amend this complaint to include allegations for the recovery of damages under the CLRA pursuant to California Civil Code §1780(a)(3).

## SECOND CAUSE OF ACTION
Violation Of California Business & Professions Code §§17500, et seq.
Plaintiff and Proposed California Class against DEFENDANT

42.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

43.     Pursuant to California Business & Professions Code §§ 17500, et seq., it is "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

44.     DEFENDANT committed acts of false advertising, as defined by §17500, by making claims that the Products are "natural", which are misleading based on the fact it contains artificial or synthetic ingredients.

45.     DEFENDANT knew or should have known, through the exercise of reasonable care that DEFENDANT'S representations and statements that its Products are "natural" were/are false, untrue and misleading to Plaintiff and class members.

**COMPLAINT**

46.     DEFENDANT'S actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

47.     Plaintiff and the Proposed California Class lost money or property as a result of DEFENDANT' false advertising violations, because Plaintiff and Proposed California Class would not have purchased DEFENDANT' Products if the true facts were known concerning its quality and contents.

48.     Plaintiff and Proposed California Class paid a premium for DEFENDANT'S Products due to their reliance on DEFENDANT'S good faith and reputation and upon DEFENDANT'S promises and representations.

### THIRD CAUSE OF ACTION
Breach of Express Warranty
By Plaintiff and Proposed Nationwide Class against DEFENDANT

49.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

50.     Plaintiff brings this claim individually and on behalf of the proposed Class against DEFENDANT.

51.     DEFENDANT, as the designer, manufacturer, marketer, distributor, and/or seller, made express statements or representations of fact or promise concerning the Products. These representations, promises were part of the basis of the bargain, wherein Plaintiff and other Class members purchased the DEFENDANT'S Products in reasonable reliance on those statements or representations.

52.     DEFENDANT' Products is not fit for such purposes because each of the express warranties that the Products are "Natural".

53.     DEFENDANT'S breach of express warranty is the direct and proximate cause of Plaintiff and Proposed Nationwide Class members that have been injured and harmed because they would not have purchased DEFENDANT Products on the same

15

**COMPLAINT**

terms if the true facts were known concerning its 'natural' claims regarding the Products since it did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

54.    As a proximate result of this breach of warranty by DEFENDANT, Plaintiff and the Class have suffered damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
Violations of California Commercial Code § 2313
By Plaintiff and Proposed California Class against DEFENDANT

55.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

56.    DEFENDANT made statements, representations, and affirmations of fact or promises, or descriptions of goods carrying health and wellness claims regarding the Products.  Plaintiff and other Class members reasonably relied on DEFENDANT'S statements and representations regarding the Product at the time of purchasing the Products. California Commercial Code §2313(1).

57.    DEFENDANT breached its express warranties by selling products and goods that are not "natural" since the Products contain artificial or synthetic ingredients as identified herein above.

58.    DEFENDANT'S breached was the actual and proximate cause of the injury to Plaintiff and Class members in the form of money that was paid in exchange for the Products.

59.    Plaintiff seeks damages on behalf of herself and other Class members as a result of DEFENDANT'S breaches of express warranty.

## FIFTH CAUSE OF ACTION
Fraud
Plaintiff and Proposed Nationwide Class against DEFENDANT

16

**COMPLAINT**

60.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

61.     Plaintiff brings this claim individually and on behalf of the proposed Class against DEFENDANT.  PLAINTIFF purchased the Products that are the subject of this complaint from 2015 to 2018 from retail stores located in Los Angeles County, and other counties in California, including online. Prior to purchasing the Products, Plaintiff saw and read the front of the product packaging, and relied on the representation and warranty that the product would "Natural" on the face of its Products.  Plaintiff understood these representations to mean that Products did not contain synthetic or artificial chemicals. Plaintiff purchased the Products at a substantial price premium, and would not have bought the product had she known that the labeling she relied on was false, misleading, deceptive and unfair. Plaintiff would purchase the Products again in the future if Defendant changed the composition of the Products so that they conformed to their "natural" labeling and marketing.

62.     As discussed above, DEFENDANT provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about DEFENDANT'S Products.

63.     DEFENDANT misrepresented the "natural" claims related to the Products.

64.     Defendant made these misrepresentations and/or omissions with knowledge of their falsehood.

65.     The misrepresentations and/or omissions made by DEFENDANT, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase DEFENDANT'S Products.

17

**COMPLAINT**

66.     The fraudulent actions of DEFENDANT caused damage to Plaintiff and Class members, who are entitled to damages, punitive damages, and other legal and equitable relief as a result.

## SIXTH CAUSE OF ACTION

Violation California Business & Professions Code §§ 17200, et seq.
By Plaintiff and Proposed California Class against DEFENDANT

67.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

68.     Plaintiff brings this claim individually and on behalf of the proposed Sub-Class against DEFENDANT.   DEFENDANT is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

69.     Plaintiff and consumers have relied on DEFENDANT' representations, statements, and claims concerning their Products that have resulted in injury to Plaintiff and consumers that could have been resulted.  Plaintiff and consumers would not have purchased the Products and not been subject to losses incurred directly caused by DEFENDANT and as a result of their untrue, misleading, and/or false statements, representations, and/or claims.

70.     DEFENDANT has/had knowledge that its "natural" claims are false or misleading as a result the Products contains artificial or synthetic ingredients.

Unlawful Acts and/or Practices

71.     A violation of any law also constitutes an unlawful business practice pursuant to California Business and Professions Code §17200, et seq.

72.     DEFENDANT violated the same Acts as a result of violating False

18

**COMPLAINT**

Advertising Law ("FAL"), California Business and Professions Code §§17500, et seq., The Consumers Legal Remedy Act ("CLRA"), Cal. Civ. Code §§1750, et seq., and California Commercial Code §§2313 and 2314 ("CC"), as herein referenced in the preceding First, Second, Third, and Fourth Causes of Action.

73.     DEFENDANT' conducts violates section 5 of the Federal Trade Commission ("FTC") Acts, 15 U.S.C. §45 ("FTC"), which prevents unfair methods of competition and unfair and deceptive acts and/or practices affecting commerce.  In the same manner, DEFENDANT violated FAL and CLRA by representing the Products are "Natural", DEFENDANT have also violated section 5 of the Federal Trade Commission ("FTC") Acts, 15 U.S.C. §45 as a result of the fact the Products contain synthetic and artificial ingredients.

74.     DEFENDANT' conduct also violates Cal. Health & Safety Code §111765 ("H&S") which prohibits the sale of misbranded cosmetic items. The Products are misbranded because DEFENDANT claim that the Products are "Natural" or "100% naturally sourced sunscreens" when they contain synthetic and artificial ingredients.

75.     As a result of violating FAL, CLRA, FTC, H&S and CC, DEFENDANT have engaged in unlawful business acts or practices and therefore violated California Business and Professions Code §17200, et seq.

<u>Unfair Acts and/or Practices</u>

76.     DEFENDANT' acts or practices are oppressive, unethical, immoral, unfair conduct to consumers constitutes and violated established policies. DEFENDANT representations and claims that the Products are "Natural" when they contain synthetic and artificial ingredients are false and untrue.

77.      DEFENDANT's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to

**COMPLAINT**

consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. DEFENDANT' conduct constitutes an unfair violation because DEFENDANT conduct is unethical, unscrupulous, and injurious to consumers given the false and misleading labeling. The harm is substantial given significant given false claims and representation which caused harm to the Plaintiff and class members.

78.     DEFENDANT have specific knowledge that its 'natural' related claims such as "Natural" are false and misleading, but continued to market the DEFENDANT' Products with the intent of making substantial profits.

79.     DEFENDANT' conduct is also unfair given the huge profits derived from the sale of the DEFENDANT Products at the expense of consumers as a result of the false and misleading advertising claims.  DEFENDANT has engaged and continue to engage in conduct that violates established policies of FAL, CLRA, Health & Safety Code, Fraud, Commercial Code, which have allowed DEFENDANT gain an unfair advantage over its competitors whose advertising and representations comply with the law.

Fraudulent Acts and/or Practices

80.     DEFENDANT violated the "fraudulent" prong of the UCL by making false statements, untruths, and misrepresentations about health and wellness claims relating to its Products, as described herein this complaint, which are likely to deceive reasonable consumers and the public.

81.     Plaintiff, the Class, and the Subclass lost money or property as a result of DEFENDANT'S UCL violations because they would not have purchased DEFENDANT'S Products or paid the premium price, if the true facts were known concerning its false representations and claims.

**COMPLAINT**

82.    DEFENDANT' business practices, as detailed above, are unethical, oppressive and unscrupulous, and they violate fundamental policies of this state.  Further, any justification for DEFENDANT'S wrongful conduct is outweighed by the adverse effects of such conduct.

83.    Plaintiff, the Class, and Sub-Class members could not reasonably avoid the harm caused by DEFENDANT' wrongful practices. Assuming, arguendo, that DEFENDANT'S practices are not express violations of the laws set forth above, those practices fall within the penumbra of such laws and a finding of unfairness can properly be-tethered to the public policies expressed therein. Thus, DEFENDANT engaged in unfair business practices prohibited by California Business & Professions Code § 17200 et seq.

84.    Plaintiff, the Class, and the Sub-Class are entitled to restitution and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against DEFENDANT, as follows:

a.  For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure

b.  Plaintiff as the representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent members of the Class and Subclass;

c.  For an order declaring the DEFENDANT'S conduct violates the statutes and laws referenced herein;

d.  For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

**COMPLAINT**

e.  For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f.  For prejudgment interest on all amounts awarded;

g.  For an order of restitution and all other forms of equitable monetary relief;

h.  For injunctive relief as pleaded or as the Court may deem proper; and

i.  For an order awarding Plaintiff, the Class, and the Subclass their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: April 23, 2018              **NATHAN & ASSOCIATES, APC**

                                                    By:     */s/ Reuben D. Nathan*
                                                              Reuben D. Nathan, Attorney for
                                                              Plaintiff, MONICA MARTINEZ

22

**COMPLAINT**